DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1915.

---

John F. Devine, Administrator, Plaintiff in Error, v. Illinois Central Railroad Company and Blue Island Car & Equipment Company, Defendants in Error.

Gen. No. 18,723.   (Not to be reported in full.)

Error to the Superior Court of Cook County; the Hon. HUGO PAM, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1913.   Affirmed in part, reversed in part and remanded. Opinion filed February 3, 1915.

## Statement of the Case.

Action by John F. Devine, suing as the administrator of the estate of Russell S. Scott, deceased, against the Illinois Central Railroad Company, a corporation, and Blue Island Car & Equipment Company, a corporation, for the wrongful death of plaintiff's intes-

tate. From separate judgments against the plaintiff in favor of defendants upon directed verdicts, plaintiff brings error.

On October 29, 1908, the defendant Equipment Company operated a plant for the manufacture and repair of freight cars. At the southwest corner of the enclosure was a double gate which was ordinarily kept closed and locked. The Railroad Company maintained a single track which ran into the plant through a double gate, where it connected with a system of tracks belonging to the Equipment Company running through the plant. The space between the westerly track and the next track to the east was used by the Equipment Company for storage and for the piling thereon of "kindall frames," which were T-shaped, constructed of wrought iron, six or seven feet in height, having a bottom width of about three feet, and weighing about two tons each. As so placed or piled in said space there was usually a distance of about eight inches between the frames and the body of cars of ordinary width, passing on the westerly track. The frames were removed from time to time as required for use, but the frames in question had remained where they stood at the time of the accident for about five days. The deceased was employed by the Equipment Company as a night watchman, and among his duties was to open and close the gates, and to deliver orders from his superintendent to incoming train crews with reference to the disposition of cars hauled within the plant. At about ten o'clock on the night in question, a crew of the Railroad Company approached the gates with a train consisting of a locomotive, three cars and a caboose, and gave the usual signal for the gates to be opened. The deceased opened the gates in response to the signal and delivered an order for the placing of the cars to the conductor. The cars were of the gon-

dola type and the one in question was loaded to its capacity with lumber. The end gates of said car were turned down upon the platform and the lumber was piled upon the platform and held in place by the upright sides. As the train entered the plant of the Equipment Company the cars were ahead. The train thus backed in slowly, and the deceased and McCarthy, a switchman employed by the Railroad Company, walked upon the track ahead of the cars. When the head car, being the one in question, reached the point where the frames were standing, it came in contact with one or more of said frames, causing the same to fall. As the frames were falling, the deceased ran to the right to avoid some anticipated danger and was struck by one of the falling frames and injured, from which injuries he died. An examination of the car made early the following morning disclosed that both sides of the car were bulged out, the east side, being the side which had come in contact with the frames, more than the other; that the east side was bulged out six or seven inches at the top; that the upright stakes which supported that side of the car fit into iron pockets which were bolted to the under sill; that the bolts had been drawn into the wood of the sill, thus permitting the pockets to enlarge and the stakes to sway out; that there was a fresh mark or cut on the front stake about eighteen inches from the top and a like mark or cut on the sill; that one of the grab irons appeared to have been recently torn off. The car was loaded solidly with oak planks placed "back and forth" tier upon tier. Prior to the accident, and while the frames were in the same position, the Railroad Company had made frequent deliveries of cars within the plant of the Equipment Company, upon which occasion the cars operated upon the track in question had safely cleared said frames.

JOHNSON & BELASCO, for plaintiff in error.

CALHOUN, LYFORD & SHEEAN, for defendant in error, Illinois Central Railroad Company; JOHN G. DRENNAN, of counsel.

H. B. BALE and ROSE, SYMMES & KIRKLAND, for defendant in error, Blue Island Car & Equipment Company.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 48*—*what constitutes proximate cause.* In an action for personal injuries, where either of two causes may produce a result and only one of them is shown to have been present, it may be concluded by the jury that the cause shown to have been present at the time the result was produced is responsible for it.

2. NEGLIGENCE, § 204*—*propriety of verdict directed for defendant.* Where plaintiff seeks to hold an equipment company liable for alleged negligence in placing "kindall frames" so close to a railroad track as to be likely to be struck by a passing car, and the evidence clearly established that the frames as placed afforded sufficient room for all properly loaded cars in good order to safely clear the frames, and no evidence tended to show that the Equipment Company was chargeable with notice or knowledge that the car in question which struck the frames was so improperly loaded or permitted to project outward that it was liable to strike the frames, which were placed in such manner as not to fall unless violently struck by a defective car or other violent means, *held* that a peremptory instruction to find the Equipment Company not guilty for the wrongful death of its watchman while walking near the pile and a passing car was properly given by the court.

3. RAILROADS, § 695*—*sufficiency of declaration to support proof of improper loading of car.* Where a count attempts to charge a railroad company with negligence in having the car in question project outward, and the sufficiency of the charge is not challenged in the court below, an Appellate Court will hold it sufficient to support proof of negligence in permitting the car to so project outward and in operating the car in such condition.

4. RAILROADS, § 740*—*where question of negligence requires submission to jury.* In an action for wrongful death from being in-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Devine v. Illinois Central R. Co. et al., 191 Ill. App. 330.

jured by falling frames when struck by a passing freight car which was found to be tightly loaded between its projecting sides, and the nuts or heads upon the bolts by which the iron pockets were presumed to be securely fastened to the body of the car were found to be drawn into the wood on the inside of the sill, whereby the pockets were enlarged and the stakes spread outward, and it appeared that cars of like width in good order had been hauled upon the same track without striking the frames as they were placed at the time of the accident, *held* the court erroneously directed a verdict in favor of the defendant Railroad Company.

5. RAILROADS, § 740*—*questions for jury.* Whether the sides of a freight car improperly project so as to strike a pile of frames alongside a railroad track and whether a railroad company is chargeable with knowledge that its sides so project are questions requiring submission to the jury under the evidence.

6. RAILROADS, § 516*—*duty towards persons near defective car moved on track.* Where the sides of a car improperly project prior to an accident, and the railroad company is chargeable with knowledge of such projection, the duty is imposed upon the railroad company to exercise reasonable care to see that the track upon which it moves the car is in a reasonably safe condition to permit such car to be moved thereon without injury to persons rightfully near such car.

7. RAILROADS, § 740*—*question of notice as to clear space for jury.* The question whether a railroad company is charged with notice of the clear space between a pile of frames and its track is one for the jury.

8. RAILROADS, § 762*—*where question of contributory negligence requires submission to jury.* In an action for the wrongful death of a watchman injured by frames falling when struck by a passing freight car, whether deceased was in the exercise of due care for his own safety is one of fact requiring submission to the jury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.